UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| R.B. DWYER CO., INC., | : | Case No. 5:23-bk-01420 (MJC) |
| IDEAL SLEEVES INTERNATIONAL LLC, | : | 5:23-bk-01418 (MJC) |
| | : | 5:23-bk-01421 (MJC) |
| COLOR CRAFT FLEXIBLE PRINTING, LLC, | : | |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | |

## JOINT LIQUIDATING PLAN OF REORGANIZATION FILED BY DEBTORS AND DEBTORS-IN-POSSESSION PURSUANT TO 11 U.S.C. §§1121 AND 1129

The above-captioned debtors and debtors-in-possession (each, a "Debtor" and, collectively, the "Debtors") respectfully submit their Joint Liquidating Plan of Reorganization dated September 1, 2023 pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the form annexed hereto and made a part hereof.

    Jeffrey Kurtzman, Esquire
    **KURTZMAN | STEADY, LLC**
    555 City Avenue, Suite 480
    Bala Cynwyd, PA  19004
    Telephone: (215) 839-1222
    Email:  kurtzman@kurtzmansteady.com

    -   and  -

    Frank Hoegen, Esquire
    HOEGEN & ASSOCIATES, PC
    152 S. Franklin Street #2
    Wilkes-Barre, PA 18701
    Telephone: (570) 820-3332
    Email: fhoegen@hoegenlaw.com

    Attorneys for Debtors and Debtors-in-Possession

Dated:  September 1, 2023

# TABLE OF CONTENTS

Page

I. INTRODUCTION ............................................................................................................1

II. CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS...........................1
    A. General Overview ..............................................................................................1
    B. Definitions..........................................................................................................2
    C. Unclassified Claims ...........................................................................................7
        1. Administrative Expenses and Professional Fees.................................7
        2. Priority Tax Claims.................................................................................8
    D. Classified Claims and Interests ........................................................................8
        1. Classes of Claims and Interests...........................................................8
        2. Priority Non-Tax Claims.......................................................................11
        3. Classes of General Unsecured Claims ..............................................11
        4. Class of Equity Interest Holders ........................................................11
    E. Acceptance or Rejection of Joint Plan ...........................................................12
    F. Means of Effectuating the Joint Plan ..............................................................12
        1. Sale of Assets and Monetization of Avoidance Claims....................12
        2. Post-confirmation Management.........................................................13
        3. Disbursing Agent .................................................................................13

III. TREATMENT OF MISCELLANEOUS ITEMS...............................................................13
    A. Executory Contracts and Unexpired Leases .................................................13
    B. Regulatory Commission Approval ..................................................................14
    C. Retention of Jurisdiction ..................................................................................14
    D. Procedures for Resolving Contested Claims.................................................14
    E. Notices under the Joint Plan ...........................................................................15

IV. EFFECT OF CONFIRMATION OF JOINT PLAN .........................................................15
    A. Discharge .........................................................................................................15
    B. Revesting of Property in the Debtor ...............................................................15
    C. Modification of Joint Plan ................................................................................16
    D. Post-Confirmation Conversion/Dismissal ......................................................16
    E. Post-Confirmation Quarterly Fees ..................................................................16
    F. Post-Effective Date Professional Fees ...........................................................16
    G. Severability ......................................................................................................17
    H. Binding Effect..................................................................................................17
    I. Captions ............................................................................................................17

# I.  INTRODUCTION

The Debtors hereby submit their Joint Liquidating Plan of Reorganization Pursuant to 11 U.S.C. §§1121 and 1129 (the "Plan" or the "Joint Plan").

## OVERVIEW OF THE DEBTOR'S CHAPTER 11 CASE

On June 26, 2023 (the "Petition Date"), the Debtors commenced their reorganization cases (the "Chapter 11 Cases") by filing respective voluntary petitions under Chapter 11 of the Bankruptcy Code.  This Joint Plan is a liquidating plan of reorganization.  In addition to the Joint Plan, you are being provided with a copy of the disclosure statement relating to the Joint Plan (the "Disclosure Statement").  The Disclosure Statement has been approved by the United States Bankruptcy Court for the Middle District of Pennsylvania (the "Bankruptcy Court") and is provided to assist you in evaluating the Joint Plan.

This is a liquidating plan in which the Debtors seek to pay creditors under the Joint Plan by liquidating their remaining assets by means of the sale or other disposition thereof and, with respect to avoidance claims and causes of action arising under Chapter 5 of the Bankruptcy Code, by commencing and prosecuting avoidance actions. Creditors will be paid from the proceeds resulting from the sale of the Debtors' assets and the recovery of avoidance claims in the order of their respective priorities under the Bankruptcy Code.  The Effective Date of the Joint Plan will be the date on which the order confirming the Joint Plan becomes a final order.

## II.  CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

A.  **General Overview**

As required by the Bankruptcy Code, the Joint Plan classifies claims and interests in various classes according to their right to priority of payment under the Bankruptcy Code.  The

Joint Plan states whether each class of claims or interests is impaired or unimpaired. The Joint Plan provides the treatment which each class will receive under the Joint Plan.

B.      **Definitions**

   **Scope of Definitions.** For purposes of this Joint Plan, except as expressly otherwise provided or unless the context otherwise requires, all capitalized terms not otherwise defined shall have the meanings assigned to them in this section of the Joint Plan. In all references herein to any parties, persons, entities, or corporations, the use of any particular gender or the plural or singular number is intended to include the appropriate gender or number as the context may require.

   1.      **Administrative Expense** shall mean any cost or expense of administration of the Chapter 11 Cases allowable under §507(a) of the Bankruptcy Code, including, without limitation, any actual and necessary expenses of preserving the Debtors' estates, any actual and necessary post-petition expense of operating the Debtors' businesses, any indebtedness or obligation incurred or assumed by the Debtors in connection with the conduct of their businesses or for the acquisition or lease of property or the rendition of services to the Debtors, all allowances of compensation and reimbursement of expenses, any fees or charges assessed against the estate of any Debtor under Chapter 123, Title 28, of the United States Code, and the reasonable fees and expenses incurred by the Debtors in connection with the formulation and confirmation of this Joint Plan.

   2.      **Allowed** when used as an adjective preceding the words "Claims" or "Equity Interests", shall mean any Claim against or Equity Interest of the Debtors, proof of which was filed on or before the date designated by the Bankruptcy Court as the last date for filing proofs of claim or Equity Interest against such Debtor, or, if no proof of Claim or Equity Interest is filed, which has been or hereafter is listed by the Debtors as liquidated in amount and not disputed or contingent

and, in either case, a Claim as to which no objection to the allowance thereof has been interposed with the applicable period of limitations fixed by the Joint Plan, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure or the Local Rules, or as to which an objection has been interposed and such Claim has been allowed in whole or in part by a Final Order. Unless otherwise specified in the Joint Plan, "Allowed Claim" and "Allowed Equity Interest" shall not, for purposes of computation of distributions under the Joint Plan, include interest on the amount of such Claim or Equity Interest from and after the Petition Date.

3. **Allowed Administrative Expense** shall mean any Administrative Expense allowed under §507(a)(1) of the Bankruptcy Code.

4. **Allowed Unsecured Claim** shall mean an Unsecured Claim that is or has become an Allowed Claim.

5. **Avoidance Claims** shall mean those claims and causes of action of the Debtors arising under Chapter 5 of the Bankruptcy Code, including, without limitation, preference and fraudulent conveyance claims and causes of action.

6. **Bankruptcy Code** shall mean the Bankruptcy Reform Act of 1978, as amended, and as codified in Title 11 of the United States Code.

7. **Bankruptcy Court** shall mean the United States Bankruptcy Court for the Middle District of Pennsylvania having jurisdiction over the Chapter 11 Cases and, to the extent of any reference made pursuant to 28 U.S.C. §158, the unit of such District Court constituted pursuant to 28 U.S.C. §151.

8. **Bankruptcy Rules** shall mean the rules and forms of practice and procedure in bankruptcy, promulgated under 28 U.S.C. §2075 and also referred to as the Federal Rules of Bankruptcy Procedure.

9. **Business Day** means and refers to any day except Saturday, Sunday, and any other day on which commercial banks in Pennsylvania are authorized by law to close.

10. **Chapter 11 Cases** shall mean the Debtors' jointly administered reorganization proceedings case under Chapter 11 of the Bankruptcy Code.

11. **Claim** shall mean any right to payment from a Debtor, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, or unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from a Debtor whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured, and as such term is otherwise defined in §101(5) of the Bankruptcy Code.

12. **Class** shall mean a grouping of substantially similar Claims or Equity Interests for common treatment thereof pursuant to the terms of this Joint Plan.

13. **Confirmation** shall mean the entry of an Order of the Bankruptcy Court approving the Joint Plan in accordance with the applicable provisions of the Bankruptcy Code.

14. **Confirmation Date** shall mean the date on which the Bankruptcy Court enters an order confirming the Joint Plan.

15. **Confirmation Hearing** shall mean a hearing conducted by the Bankruptcy Court for the purpose of considering confirmation of the Joint Plan pursuant to §1128 of the Bankruptcy Code.

16. **Confirmation Order** shall mean an Order of the Bankruptcy Court confirming the Joint Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

4

17. **Creditor** shall mean any person or entity holding a Claim against a Debtor that arose on or before the Petition Date or a Claim against a Debtor's estate of any kind as specified in §502(g), 502(h), 502(i) of the Bankruptcy Code.

18. **Debt** means, refers to and shall have the same meaning ascribed to it in §101(12) of the Bankruptcy Code.

19. **Debtors** shall mean the above-captioned debtors and debtors-in-possession.

20  **Disbursing Agent** shall mean Frank Hoegen, Esquire or any successor person or entity, who shall effectuate this Joint Plan and hold and distribute the consideration to be distributed to holders of Allowed Claims pursuant to the provisions of the Joint Plan and Confirmation Order.

21. **Disclosure Statement** means and refers to the Disclosure Statement filed by the Debtor as required pursuant to §1125 of the Bankruptcy Code.

22. **Effective Date** shall mean the Business Day ay on which the Confirmation Order becomes a Final Order.

23. **Equity Interest Holder** shall mean the holder of an equity interest in a Debtor.

24. **Equity Interests** shall mean any shareholder or membership interests in a Debtor.

25. **Final Order** shall mean an order of the Bankruptcy Court or a court of competent jurisdiction to hear appeals from the Bankruptcy Court which, not having been reversed, modified, amended or stayed, and the time to appeal from which or to seek review or rehearing of which having expired, has become final and is in full force and effect.

26. **Impaired** when used as an adjective preceding the words "Class of Claims" or "Class of Equity Interests", shall mean that the Joint Plan alters the legal, equitable, or contractual rights of the member of that Class.

27. **Person** shall mean an individual, a corporation, a partnership, an association, a joint stock company, a joint venture, an estate, a trust, an unincorporated organization, or a government or any political subdivision thereof or other entity.

28. **Petition Date** shall mean June 26, 2023 the date on which the Debtors commenced the Chapter 11 Cases.

29. **Plan** or Joint Plan shall mean this Joint Liquidating Plan of Reorganization, together with any additional modifications or amendments.

30. **Priority Non-Tax Claim** shall mean a Claim entitled to priority under §507(a)(2),(3),(4),(5),(6) or (7) of the Bankruptcy Code, but only to the extent it is entitled to priority in payment under any such subsection.

31. **Priority Tax Creditor** shall mean a Creditor holding a priority tax claim.

32. **Priority Tax Claim** shall mean any Claim entitled to priority in payment under §507(a)(8) of the Bankruptcy Code, but only to the extent it is entitled to priority under such subsection.

33. **Professionals** means and refers to all attorneys, accountants, brokers, appraisers, consultants, and other professionals retained or to be compensated pursuant to an Order of the Court entered under §§327, 328, 330, or 503(b) of the Bankruptcy Code.

34. **Professional Claim** means and refers to a claim by any and all Professionals as provided for in §§327, 328, 330, 331 and 503(b) of the Bankruptcy Code.

35. **Reorganized Debtors** means the Debtors from and after the Confirmation Date.

36. **Secured Claim** means and refers to a Claim which is secured by a valid lien, security interest, or other interest in property in which a Debtor has an interest which has been perfected

properly as required by applicable law, but only to the extent of the value of such Debtor's interest in such property, determined in accordance with §506(a) of the Bankruptcy Code.

37. **Unsecured Claim** shall mean any claim against a Debtor which arose or which is deemed by the Bankruptcy Code to have arisen prior to the Petition Date for such Debtor, and which is not (i) a secured claim pursuant to §506 of the Bankruptcy Code, as modified by §1111(b) of the Bankruptcy Code, or (ii) a Claim entitled to priority under §§503 or 507 of the Bankruptcy Code. "Unsecured Claim" shall include all Claims against a Debtor that are not expressly otherwise dealt with in the Joint Plan, including lease rejection damage claims.

38. **Other Definitions** a term used and not defined herein but that is defined in the Bankruptcy Code shall have the meaning set forth therein. The words "herein", "hereof", "hereto", "hereunder", and others of similar import refer to the Joint Plan as a whole and not to any particular section, subsection, or clause contained in the Joint Plan. Moreover, some terms defined herein are defined in the section in which they are used.

C. **Unclassified Claims**

Certain types of clams are not placed into voting classes and are instead unclassified. Such claims are not impaired and do not vote on the Joint Plan because they are automatically entitled to specific treatment provided for them in the Bankruptcy Code. As such, the Debtors have not classified the following:

1. **Administrative Expenses and Professional Fees**

Administrative expenses are Claims for costs or expenses of administering the Chapter 11 Cases which are allowed under §503(b) of the Bankruptcy Code. Fees payable to the Clerk of the Bankruptcy Court and the Office of the United States Trustee were also incurred during the

Chapter 11 Cases. The Bankruptcy Code requires that all administrative expenses be paid on the Effective Date of the Joint Plan, unless a particular claimant agrees to a different treatment.

<u>Bankruptcy Court Approval of Professional Compensation and Expenses Required:</u> The Bankruptcy Court must approve all professional compensation and expenses. Each Professional requesting compensation in the Chapter 11 Cases pursuant to §§327, 328, 330, 331, 503(b) or 1103 of the Bankruptcy Code shall file an application for allowance of final compensation and reimbursement of expenses not later than ninety (90) days after the Confirmation Date. Nothing herein shall prohibit Professionals from requesting interim compensation during the course of this case pending Confirmation of this Joint Plan. No motion or application is required to fix fees payable to the Clerk's Office of the Office of the United States Trustee, as those fees are determined by statute.

### 2. **Priority Tax Claims**

Priority Tax Claims are certain unsecured income, employment and other taxes described by §507(a)(8) of the Bankruptcy Code. The Bankruptcy Code requires, and the Joint Plan therefore provides, that each holder of a §507(a)(8) Priority Tax Claim receives the present value of such clam in deferred cash payments, over a period not exceeding six years from the date of the assessment of such tax.

### D. **Classified Claims and Interests**

#### 1. **Classes of Claims and Interests**

**A. Secured Claims.** Secured Claims are secured by liens on property of the Debtors. Allowed Secured Claims in Classes 1, 2 and 3 and are Unimpaired.

The following represent all Classes containing the Debtors' Secured and Unsecured pre-petition Clams and Equity Interests and their treatment under this Joint Plan:

| CLASS # | DESCRIPTION | INSIDERS Y/N | IMPAIRED Y/N | TREATMENT |
|---|---|---|---|---|
| 1 | Pathward, National Association | N | Y | To the extent not previously satisfied, the Allowed Secured Claim of Pathward, National Association shall be paid from the proceeds resulting from the sale of the Debtors' assets in the order of its applicable lien priority. |
| 2 | U.S. Small Business Administration | N | N | To the extent not previously satisfied, the Allowed Secured Claim of the U.S. Small Business Administration will be paid from the proceeds resulting from the sale of the Debtors' assets in the order of its lien priority |
| 3 | Allowed Other Secured Claims | N | Y | To the extent not previously satisfied, the Allowed Secured Claims of secured creditors other than Pathward, National Association and the U.S. Small Business Administration shall be paid from the sale of the applicable Debtor's assets in the order of their lien priority. |
| 4 | Allowed Priority Claims | N | N | Claims entitled to priority under §507 of the Bankruptcy Code, excluding Administrative Claims and Priority Tax Claims, will be paid in full on or as reasonably |

| | | | | | practicable after the Effective Date. |
|---|---|---|---|---|---|
| 5 | Allowed Priority Tax Claims | | N | N | Priority Tax Claims will be paid in full on or as soon as reasonablym practicable after the Effective Date. |
| 6A | Allowed General Unsecured Claims Against R.B. Dwyer Co., Inc. | | N | Y | Allowed Unsecured Claims against R.B. Dwyer Co., Inc. will be paid pro rata from funds remaining in the R.B. Dwyer Co., Inc. estate after distribution on account of senior Classes. |
| 6B | Allowed General Unsecured Claims Against Color Craft Flexible Printing, LLC | | N | Y | Allowed Unsecured Claims against Color Craft Flexible Printing, LLC will be paid pro rata from funds remaining in the Color Craft Flexible Printing, LLC estate after distribution on account of senior Classes. |
| 6C | Allowed General Unsecured Claims Against Ideal Sleeves International, LLC | | N | Y | Allowed Unsecured Claims against Ideal Sleeves International, LLC will be paid pro rata from funds remaining in the Ideal Sleeves International estate after distribution on account of senior Classes. |
| 7 | Equity Interest Holders | | Y | Y | Equity Interest Holders in the Debtors will neither receive nor retain any value on account of such Equity Interests, which shall be canceled and extinguished as of the Effective Date. |

2.  **Priority Non-Tax Claims**

Certain priority non-tax claims that are referred to in §§507(a)(3),(4),(5),(6), and (7) of the Bankruptcy Code are entitled to priority treatment. The Debtors submit that no such Claims existed as of the Petition Date.

3.  **Classes of General Unsecured Claims**

General Unsecured Claims against each Debtor are unsecured Claims not entitled to priority under §507(a) of the Bankruptcy Code or are deficiency portions of Secured Claims as to which the value of the applicable collateral security is less than the amount of the Claim. These Claims are to be classified and treated in Classes 6A, 6B and 6C as set forth above.

4.  **Class of Equity Interest Holders**

As set forth above, Equity Interest Holders in the Debtors will neither receive nor retain any value on account of their Equity Interests, which will be canceled and extinguished as of the Effective Date.

E.     **Acceptance or Rejection of the Joint Plan**

Each impaired Class of Creditors with Claims against a Debtor's estate shall be entitled to vote separately to accept or reject the Joint Plan.  A Class of Creditors shall have accepted the Plan if the Plan is accepted by at least two-thirds in the aggregate dollar amount and more than one-half in number of holders of the Allowed Claims of such Class that have accepted or rejected the Plan. In the event that any Impaired Class of Creditors or Equity Interest Holders shall fail to accept the Joint Plan in accordance with §1129(a) of the Bankruptcy Code, the Debtors reserve the right to request that the Bankruptcy Court confirm the Joint Plan in accordance with the "cramdown" provisions of §1129(b) of the Bankruptcy Code.

F.     **Means of Effectuating the Joint Plan**

    1.     **Sale of Assets and Monetization of Avoidance Claims.**

        (a)     <u>Orderly Disposition of Assets</u>.  The Joint Plan will be funded by the sale of the Debtors' assets, including the sale of substantially all of such assets to Formosa Flexible Packaging America, Inc, which was approved by the Bankruptcy Court on August 25, 2023.  In addition, to the extent applicable, the Debtors (or the Reorganized Debtors) intend to avoid and recover pre-petition transfers of money or property pursuant to Chapter 5 of the Bankruptcy Code.

        (b)     <u>Sale Fee and Clear of Liens</u>.  All sales of the Debtors' assets shall be effectuated free and clear of all liens, claims, encumbrances and interests of any kind, with such liens, claims, encumbrances and interests to attach the proceeds resulting from the sale of such assets in the order of their respective priorities pursuant to §§ 363(f), 1123(a)(5)(D), 1129 and 1141(c) of the Bankruptcy Code.

        (c)     <u>Transfer Tax Exemption</u>.  The sale of any of the Debtors' assets not previously sold pursuant to a prior order of the Bankruptcy Court shall be effectuated under and

12

Case 5:23-bk-01420-MJC    Doc 189    Filed 09/01/23    Entered 09/01/23 11:18:55    Desc
Main Document    Page 14 of 19

pursuant to the Joint Plan. Accordingly, the sale of any such assets shall be free and clear of any and all state, local or other transfer, stamp and similar taxes pursuant to §1146(a) of the Bankruptcy Code.

### 2. Post-confirmation Management

The Debtors' pre-Confirmation chief executive officer, James Dwyer, shall continue to manage the Debtors post-confirmation.

### 3. Disbursing Agent

Frank Hoegen, Esquire shall act as the Disbursing Agent for the purpose of making all distributions provided for under the Joint Plan. The Disbursing Agent shall not be compensated other than by means of compensation due and payable in his capacity as co-counsel for the Debtors.

## III. TREATMENT OF MISCELLANEOUS ITEMS

### A. Executory Contracts and Unexpired Leases

Any executory contract or unexpired lease not assumed or subject to a motion to assume (or to assume and assign) as of the Confirmation Date shall be deemed rejected as of the Confirmation Date pursuant to §§365 and 1123 of the Bankruptcy Code.

### B. Bar Date for Proofs of Claim

All proofs of claim or interest, to the extent not scheduled in the Debtors' respective schedules of assets and liabilities or which are scheduled in amounts and/or having priorities other than are consistent with a Claimant's books and records, must be filed in accordance with the Order of the Bankruptcy Court entered on July 11, 2023 establishing bar dates with respect to proofs of claim against the Debtors. Any such Claims, proofs of which are not filed timely, may be barred from sharing in or otherwise receiving any distribution under the Joint Plan.

B. **Regulatory Commission Approval**

The Debtors are not subject to governmental or regulatory oversight.

C. **Retention of Jurisdiction**

The Bankruptcy Court shall retain jurisdiction of the Chapter 11 Cases pursuant to the provisions of Chapter 11 of the Bankruptcy Code pending the final allowance or disallowance of all Claims affected by the Plan, to adjudicate avoidcance actions, to hear and determine objections to Claims, to review and approve compensation applications of Professionals, and to enter such orders as are necessary or appropriate to carry out the provisions of this Joint Plan.

In addition, the Bankruptcy Court shall retain jurisdiction to implement the provisions of the Joint Plan in the manner as provided under §1142(a) and (b), of the Bankruptcy Code. If the Bankruptcy Court abstains from exercising, or declines to exercise jurisdiction, or is otherwise without jurisdiction over any matter set forth in this section, or if the Debtors or the Reorganized Debtors (as the case may be) elect to bring an action or proceeding in any other forum, then this section shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction by any other court, public authority or commission having competent jurisdiction over such matters.

D. **Procedures for Resolving Contested Claims**

Objections to Claims, except for those Claims more specifically deemed Allowed in this Joint Plan, may be filed by the Reorganized Debtors or any party in interest up to and including ninety (90) days following the entry of the Confirmation Order. With respect to disputed Claims, the Disbursing Agent shall hold in a separate interest-bearing reserve account such funds as would be necessary in order to make the required distribution on the Claim in the Debtors' respective schedules of assets and liabilities or a filed proof(s) of claim.

E.  **Notices under the Joint Plan**

All notices, requests or demands with respect to this Joint Plan shall be in writing and shall be deemed to have been received within five (5) days of the date of mailing, provided they are sent by registered mail or certified mail, postage prepaid, return receipt requested, and by electronic mail, and if sent to the Debtors' counsel, addressed to:

> Jeffrey Kurtzman, Esquire
> **KURTZMAN | STEADY, LLC**
> 555 City Avenue, Suite 480
> Bala Cynwyd, PA 19147
> Email: kurtzman@kurtzmansteady.com

## IV.  EFFECT OF CONFIRMATION OF JOINT PLAN

A.  **Discharge**

Because this Joint Plan is a liquidating plan, it does not provide that the Debtors will be discharged of liability for debts incurred before Confirmation. If Confirmation does not occur or if, after Confirmation occurs, the Debtors elect to terminate the Joint Plan, the Joint Plan shall be deemed null and void. In such event, nothing contained in the Joint Plan shall be deemed to constitute a waiver or release of any claims against the Debtors or their estates or any other persons, or to prejudice in any manner the rights of the Debtors or their estates or any person in any further proceeding involving the Debtors or their estates. Upon Confirmation, the provisions of the Joint Plan shall be binding upon the Debtors, all Creditors and all Equity Interest Holders, regardless of whether such Claims or Equity Interests are impaired or whether such parties accept the Joint Plan.

B.  **Revesting of Property in the Debtors**

Except as expressly otherwise provided in the Joint Plan, Confirmation shall operate to revest all of the assets of the estates in the Debtors.

C.  **Modification of Joint Plan**

The Debtors may modify the Joint Plan at any time before Confirmation. However, the Bankruptcy Court may require a new disclosure statement or revoting on the Joint Plan if such modification occurs before Confirmation.

The Debtors may also seek to modify the Joint Plan at any time after Confirmation so long as the Joint Plan has not been substantially consummated and the Bankruptcy Court authorizes the proposed modification after notice and a hearing.

D.  **Post-Confirmation Conversion or Dismissal**

A Creditor or party in interest may bring a motion to convert or dismiss the Chapter 11 Casea under §1112(b) of the Bankruptcy Code after the Joint Plan is confirmed if there is a default in performing any material obligation under the Joint Plan. If the Bankruptcy Court converts the Chapter 11 Cases to cases under Chapter 7 of the Bankruptcy Code after the Joint Plan is confirmed, all assets constituting property of the Debtors' estates and which have not been disbursed pursuant to the Joint Plan will revest in the Chapter 7 estates, and the automatic stay will be reimposed upon the revested property only to the extent that relief from stay was not previously granted by the Bankruptcy Court during the Chapter 11 Cases.

E.  **Post-Confirmation Quarterly Fees**

Quarterly fees pursuant to 28 U.S.C. §1930(a)(6) shall continue to be due and payable to the Office of the United States trustee post-confirmation until such time as the Chapter 11 Cases are converted, dismissed or closed pursuant to a final decree.

F.  **Post-Effective Date Professional Fees**

From and after the Effective Date, reasonable fees and expenses incurred by the Debtors to Professionals in implementing this Joint Plan shall be paid in the ordinary course without the

16

Case 5:23-bk-01420-MJC    Doc 189    Filed 09/01/23    Entered 09/01/23 11:18:55    Desc
Main Document    Page 18 of 19

requirement of Bankruptcy Court approval.

G. **Severability**

If any provision of this Joint Plan is determined to be unenforceable, such determination will in no way limit or affect the enforceability and operative effect of any other provision of this Joint Plan.

H. **Binding Effect**

The rights and obligation of any entity whose rights or interests is affected by this Joint Plan will be binding upon and will inure to the benefit of the successors and assigns of such entity.

I. **Captions**

The headings contained in this Joint Plan are for convenience of reference only and do not affect the meaning or interpretation of this Joint Plan.

Dated: September 1, 2023          **KURTZMAN | STEADY, LLC**

By:/s/ Jeffrey Kurtzman
    Jeffrey Kurtzman, Esquire
    555 City Avenue, Suite 480
    Bala Cynwyd, PA 19004
    Telephone: (215) 839-1222
    Email: kurtzman@kurtzmansteady.com

and -

By:/s/ Frank Hoegen
Frank Hoegen, Esquire
HOEGEN & ASSOCIATES, PC
152 S. Franklin Street #2
Wilkes-Barre, PA 18701
Telephone: (570) 820-3332
Email: fhoegen@hoegenlaw.com

Attorneys for Debtors and Debtors-in-Possession